NS:TH
F.#2020R00596

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE PREMISES KNOWN AND DESCRIBED AS 245 ASHLAND AVENUE, STATEN ISLAND, NEW YORK 10309 AND ANY CLOSED CONTAINERS/ITEMS CONTAINED THEREIN | APPLICATION FOR A SEARCH WARRANT FOR A PREMISES<br><br>No. 20-M-561 |

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
WARRANT TO SEARCH AND SEIZE**

I, JOSEPH T. COSTELLO, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the premises known as 245 Ashland Avenue, Staten Island, New York, 10309 (the "SUBJECT PREMISES"), further described in Attachment A, for the things described in Attachment B.

2. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been for more than five years. During my tenure with the FBI, I have conducted investigations into a variety of racketeering offenses, including gambling, loansharking, extortion, narcotics trafficking, and money laundering. In the course of these investigations, I

have, among other things, (a) conducted physical surveillance, (b) executed search warrants, (c) debriefed informants and cooperating witnesses, (d) reviewed and analyzed numerous taped conversations of those engaged in organized crime activities, and (e) monitored wiretapped conversations and reviewed line sheets prepared by wiretap monitors.

3. The FBI is investigating STEPHEN ("STEVEN") BLANCO, also known as "Stevie Westside," for the illegal possession of firearms, in violation of Title 18, United States Code, Section 922(g); the operation of an illegal gambling business, in violation of Title 18, United States Code, Section 1955; and interstate stalking, in violation of Title 18, United States Code, Sections 2261A(1)(B) and 2261A(2)(B).

4. Based on the following paragraphs, I submit that there is probable cause to believe that there is kept and concealed within the SUBJECT PREMISES, the items described in Attachment A to this affidavit, all of which constitute evidence or instrumentalities of the illegal possession of firearms, in violation of Title 18, United States Code, Section 922(g).

5. I have personally participated in the investigation of the offenses discussed below. I am familiar with the facts and circumstances of this investigation from: my personal participation in the investigation, my review of documents, my training and experience, and discussions I have had with other law enforcement personnel. Additionally, statements attributable to individuals herein are set forth in sum and substance and in part.

6.     This affidavit is intended to show only that there is sufficient probable cause for the requested warrant, and does not set forth all of my knowledge about this matter.

### THE SUBJECT PREMISES

7.     The SUBJECT PREMISES is a two-story duplex residence with a white stone and brick exterior and a gable roof.  The main entrance to the SUBJECT PREMISES has two white outer storm doors and white doors with oval windows behind the storm doors.  In front of the house are a number of white statues.   I am aware that STEPHEN BLANCO currently receives mail and resides at the SUBJECT PREMISES.   A photograph of the SUBJECT PREMISES is below:



**PROBABLE CAUSE**

8.      The FBI is investigating violations of federal criminal laws, including the illegal possession of firearms by a previously convicted felon, in violation of Title 18, United States Code, Section 922(g); the operation of illegal gambling business, in violation of Title 18, United States Code, Section 1955; and interstate stalking, in violation of Title 18, United States Code, Sections 2261A(1)(B) and 2261A(2)(B) (the "SUBJECT OFFENSES"), committed by STEPHEN ("STEVEN") BLANCO.

9.      As set forth below, there is probable cause to believe that STEPHEN BLANCO has committed the SUBJECT OFFENSES and that evidence, fruits and instrumentalities of those crimes will be found in his residence, which is the SUBJECT PREMISES.

10.     On or about June 26, 2020, an individual ("Woman-1") entered the 123rd Precinct of the New York City Police Department ("NYPD") and provided, in substance and in part, the following statements to law enforcement officers with the FBI and NYPD:

      a.      Woman-1 met BLANCO in 2015. BLANCO often carried a firearm and large amounts of cash. BLANCO told her, on more than one occasion, that he was a member of organized crime.

4

 b. In 2016, the relationship between Woman-1 and BLANCO ended. In 2018, after BLANCO contacted Woman-1, they reprised their relationship and Woman-1 began living with BLANCO at the SUBJECT PREMISES and continued to live at the SUBJECT PREMISES until March 2019. During the time period that Woman-1 lived at the SUBJECT PREMISES, BLANCO kept two small black handguns on the second floor of the SUBJECT PREMISES. Specifically, BLANCO stored one handgun behind a bidet in his bathroom, and the other BLANCO kept in a Louis Vuitton carry-all handbag on his person. When BLANCO left his home, he stored the handbag containing the firearm in the trunk of his vehicle. Woman-1 last saw the firearms in January 2019.

 c. BLANCO frequently boasted to Woman-1 about being a member and "boss" in the Genovese organized crime family of La Cosa Nostra and told Woman-1 that he was inducted into the Genovese crime family at the same time that the now-deceased Frank Cali was inducted into the Gambino crime family.

 d. BLANCO maintained a Costa Rican-based gambling operation and frequently brought Woman-1 along with him in order to collect debts

       from gamblers.  On at least one occasion, BLANCO brought Woman-1 to collect money from a man who owed him a gambling debt.  BLANCO directed Woman-1 to take a photograph of the debtor's vehicle and license plate and to text BLANCO the photograph.  As instructed Woman-1 texted BLANCO a photograph of the vehicle's license plate.[1]

e.    Woman-1 kept approximately $20,900 in cash in a safe deposit box in New Jersey.  At the time that Woman-1 began dating BLANCO again in 2018, BLANCO insisted that Woman-1 begin keeping the cash in a drawer at the SUBJECT PREMISES.  Woman-1 did so.  Woman-1 believes that one night she was drugged by BLANCO.  The next morning, BLANCO told Woman-1 that he gave the $20,900 that Woman-1 had stored at the SUBJECT PREMISES to a neighbor in exchange for a piece of property and stated that Woman-1 had agreed the prior night (when Woman-1 believed she had been drugged).

---

[1]    I have reviewed a screenshot of the text message provided by Woman-1.

6

11.     In approximately January 2019, Woman-1 and BLANCO ended their relationship.  On multiple occasions, Woman-1 attempted to get her property from the SUBJECT PREMISES.  In June 2020, BLANCO met Woman-1 in New Jersey with some of her belongings and told her, "You know who I am" and "you're not going to fuck me, right?"  Woman-1 understood these statements by BLANCO to be a threat not to report BLANCO to law enforcement.

12.     On or about July 15, 2020, I and other law enforcement officers interviewed an individual ("Woman-2"), who dated BLANCO between July 2017 and November 2018.  Woman-2 provided, in substance and in part, the following statements to law enforcement officers with the FBI and NYPD:

    a.  Throughout the time Woman-2 dated BLANCO, BLANCO bragged to Woman-2 that he was a member of organized crime.  BLANCO resided at the SUBJECT PREMISES with Woman-2 and carried a small handgun in a carry-all bag on his person.  Woman-2 described the firearm as a small pistol and brown in color and stated that BLANCO placed the bag with the firearm in the trunk of his car when he left the SUBJECT PREMISES.  When home, BLANCO kept the bag with the firearm in his bedroom.  Woman-2 last saw BLANCO's firearm in November 2018.

    b.    Woman-2 believed BLANCO frequently drugged her by serving her drinks mixed with Xanax. Woman-2 recalled BLANCO raping her while she slept. On one occasion, while they were at a bar, Woman-2 overheard BLANCO tell another individual that he (BLANCO) served Woman-2 beverages with Xanax mixed in.

    c.    In approximately November 2018, BLANCO sent Woman-2 a text message of an audio clip of him raping Woman-2. Woman-2 recognized her own voice and breath, and could hear BLANCO saying her name. After receiving the text, Woman-2 ended her relationship with BLANCO. After Woman-2 ended her relationship with BLANCO, BLANCO began harassing her by following her, calling

her, and threatening her physically.  Woman-2 feared BLANCO would kill her and contacted the police.[2]

13. On July 23, 2020, I and other law enforcement officers interviewed the woman BLANCO is currently dating ("Woman-3").  Woman-3 stated, in substance and in part, that Woman-3 has been dating BLANCO since approximately February 2020.  Woman-3 indicated that she has seen a small, dark-colored pistol in a small bag that BLANCO carries.  Woman-3 stated that BLANCO places the bag containing the firearm in the trunk of his car when he leaves the SUBJECT PREMISES.  While he is at the SUBJECT PREMISES, BLANCO keeps the bag with the firearm in it on his bedroom dresser or in a locked closet.

14. I have reviewed BLANCO's criminal history record and have determined that on July 22, 1999, BLANCO was convicted of conspiracy to defraud the United States by

---

[2] I have reviewed reports of Woman-2's statements to NYPD dating from November and December 2018.  One report, dated November 23, 2018, indicates that Woman-2 advised NYPD officers that BLANCO sent Woman-2 a recording of their nonconsensual sexual activity and that BLANCO was "stalking her."  Woman-2 further stated that BLANCO continually sent Woman-2 text messages and that she was in fear for her safety.  Another report, dated December 18, 2018, indicates that Woman-2 advised NYPD officers that BLANCO was "constantly harassing" Woman-2 and causing Woman-2 "to fear for her safety" and her life.  Another report, filed on December 23, 2018, reflects that Woman-2 advised NYPD officers that BLANCO repeatedly followed her and parked his car outside her home.

uttering counterfeit obligations or securities, in violation of 18 U.S.C. §§ 371 and 472, a crime punishable by a term of imprisonment of more than one year.

## CONCLUSION

15. I submit that this affidavit supports probable cause for a warrant to search the PREMISES described in Attachment A and seize the items described in Attachment B.

Respectfully submitted,

_____
JOSEPH T. COSTELLO
Special Agent
FBI

Subscribed and sworn to before me telephonically on July __23__, 2020

_____
HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE

10

## ATTACHMENT A

*Property to be searched*

245 Ashland Avenue, Staten Island, New York 10309, and any closed or locked containers found therein, is a two-story duplex residence with a white stone and brick exterior and a gable roof. The main entrance to the SUBJECT PREMISES has two white outer storm doors and white doors with oval windows behind the storm doors. A photograph of the SUBJECT PREMISES is below:



## **ATTACHMENT B**

*Property to be seized*

Items to be searched for and seized from the subject premises and any closed or locked container and items contained therein, constituting evidence, fruits and instrumentalities of the illegal possession of firearms, in violation of Title 18, United States Code, Section 922(g) involving STEPHEN ("STEVEN") BLANCO including any firearms and/or ammunition.

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No.
)
)
)

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**YOU ARE COMMANDED** to execute this warrant on or before _____ *(not to exceed 14 days)*
❒ in the daytime 6:00 a.m. to 10:00 p.m. ❒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ .
*(United States Magistrate Judge)*

❒ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
❒ for \_\_\_\_\_ days *(not to exceed 30)* ❒ until, the facts justifying, the later specific date of _____ .

Date and time issued: 7/23/20 8:54 PM

*Judge's signature*

City and state: _____

*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** ||| 
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

| **Certification** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. <br><br><br>Date: _____<br><br>                                                  _____<br>                                                  *Executing officer's signature*<br><br>                                                  _____<br>                                                  *Printed name and title* |

## **ATTACHMENT A**

*Property to be searched*

245 Ashland Avenue, Staten Island, New York 10309, and any closed or locked containers found therein, is a two-story duplex residence with a white stone and brick exterior and a gable roof.  The main entrance to the SUBJECT PREMISES has two white outer storm doors and white doors with oval windows behind the storm doors.  A photograph of the SUBJECT PREMISES is below:



## **ATTACHMENT B**

*Property to be seized*

Items to be searched for and seized from the subject premises and any closed or locked container and items contained therein, constituting evidence, fruits and instrumentalities of the illegal possession of firearms, in violation of Title 18, United States Code, Section 922(g) involving STEPHEN ("STEVEN") BLANCO including any firearms and/or ammunition.